UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

vs.           Case No. 2:08-cv-386-FtM-99SPC

TRACT J03-63, 0.50 ACRES OF LAND,
MORE OR LESS, IN COLLIER COUNTY,
FLORIDA, MARK ALLEN HUMPHRIES, ET
AL.,

     Defendant.
_____

**<u>OPINION AND ORDER</u>**

   This matter came before the Court on December 1, 2009, for a bench trial on the matter of just compensation in 38 condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by Fed. R. Civ. P. 71.1. No property owner or claimant appeared at trial except for Theresa and Jacqueline Grable in Case No. 2:08-cv-569-FTM-29DNF, and Leslie Correll, Jr. in Case Number 2:08-cv-589-FTM-29DNF. Both Ms. Jacqueline Grable and Mr. Correll presented argument and testimony in their individual cases.

  The Court heard testimony from John R. Underwood, Jr., President and owner of Appraisal and Acquisition Consultants, Inc. where he has been working as a real estate consultant and principal appraiser since 1983. Mr. Underwood testified on behalf of the government regarding the appraised value of the parcels of land subject to condemnation proceedings. Mr. Underwood started his

career as an appraiser in 1971 working for First Federal Savings & Loan of Lake Worth, Florida. After obtaining his Bachelor's Degree from Florida State University, Mr. Underwood took courses for his designations and received training from the Appraisal Institute, where he has been teaching since 1981 on a national basis. Mr. Underwood received his MAI (general) designation, which requires a minimum of 5 years experience, required courses, a Masters thesis equivalent, and peer review, and also received his SRA (residential) designation, from the Appraisal Institute. In compliance with continuing education obligations, Mr. Underwood must complete 30 hours every 2 years for the State of Florida and 100 hours every 5 years for the Appraisal Institute to maintain the designations. Mr. Underwood has previously testified, and has conducted about 1000 appraisals in the everglades and 200 in the Big Cypress project.

Mr. Underwood testified as to the common characteristics of the land as: (1) remote; (2) similarly zoned; (3) wetlands; (4) same regulations on development; and (5) no improvements. To determine market value, Mr. Underwood used a sales comparison approach by comparing to sales in the Fakahatchee Strand, where values range from a low of $800.00 to a high of $2,000.00. The subject tracts all have the highest and best use of passive recreational. The oil and gas rights were not and will not be taken as part of the tracts of land, however, the mineral rights will be taken. Mr. Underwood concluded that the fair market value

for each tract of land before the Court is $1,500.00 per acre, rounded to the nearest $100.00.

The Court, having considered the testimony and other evidence, hereby **ORDERS AND ADJUDGES:**

1. The Plaintiff has the right to condemn the subject properties for the public purpose set forth in the Complaints in Condemnation.

2. Just Compensation for the taking of the fee simple title to Property, is **$1,500.00 per acre,** rounded up to the nearest 100, for a total value of **$800.00**. Payment of the Just Compensation will be in full satisfaction of any and all claims of whatsoever nature against the Plaintiff by reason of the institution and prosecution of this action and taking of the subject properties.

3. Plaintiff will deposit the Just Compensation determined at trial into the Registry of the Court within **SIXTY (60) DAYS** of this Order. The Clerk shall administratively close the file pending the entry of final judgment.

4. On the date of the deposit of the Just Compensation into the Registry of the Court, title to the Property will vest in the Plaintiff and the Plaintiff will be entitled to immediate possession of the Property. Upon making such deposit, Plaintiff will timely notify the Court and move for a final judgment of condemnation by filing a motion.

5.  The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatsoever nature existing against the Property at the time of vesting the title thereto in the Plaintiff and all such taxes, liens, encumbrances of whatsoever nature will be payable and deductible from the Just Compensation.

6.  The Clerk of the Court will retain the deposited Just Compensation until further Order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation.  Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a **zero balance** so that the case may be closed.

7.  In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of **FIVE (5) YEARS** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America or the National Park Service, as appropriate.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of December, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Kyle Scott Cohen, AUSA
Parties of record

Intake
Finance